**38**

STATE of Tennessee, Appellant,

v.

John DOE, Appellee.

Supreme Court of Tennessee,
at Nashville.

May 24, 1993.

Charles W. Burson, Atty. Gen. & Reporter and Kathy M. Principe, Sr. Counsel, Nashville, for appellant.

Steve North and Mark North, Nashville, for appellee.

## OPINION

DAUGHTREY, Justice.

We granted review in this criminal case to determine what effect an expunction order, entered after a preliminary hearing, has on the prosecution of a subsequent indictment for the same offense. Specifically, we are asked to decide whether copies of documents that were destroyed pursuant to the premature expunction order can be utilized by the prosecution at trial on the subsequent indictment. For the reasons set out below, we hold that the indictment effectively supersedes the expunction order, and we remand the case to the trial court for further proceedings.

The defendant, John Doe, was arrested on April 23, 1989, and charged with DUI. At a preliminary hearing in general sessions court on December 13, 1989, the judge held that there was insufficient probable cause to support his arrest and dismissed the charge.

The next day, December 14, 1989, the general sessions judge signed an expunction order that had been submitted to the court by the defendant's attorney. The order, noting the dismissal of the DUI charge the previous day, decreed that "all public records of the charge ... be and hereby are expunged, removed and destroyed in accordance with T.C.A. § 40–32–101."

That statute provides in pertinent part as follows:

*Destruction or release of record.*—(a)(1) All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury or a conviction which has by appeal been reversed, shall, upon petition by that person to the court having

jurisdiction in such previous action, be removed and destroyed. . . .

As a result of the December 14 order, the clerk of the general sessions court apparently removed from court records the arrest warrant issued against the defendant, as well as two documents attached to it: a copy of the arrest report filed by the arresting officer and a copy of the breath alcohol test (BAT) results filed by the police department employee who administered the breathalyzer test to Doe shortly after his arrest.

On February 22, 1990, some two months after the preliminary hearing, the county grand jury returned an indictment against the defendant, charging him with DUI on April 23, 1989, the same offense for which the arrest warrant had been dismissed for lack of probable cause at the December hearing. During pretrial proceedings in criminal court, it came to light that although the "originals" of the arrest and BAT reports had been destroyed as ordered on December 14, 1989, the breathalyzer operator had maintained a file at home that contained copies of both these documents. The state proposed, over the defendant's objection, to introduce copies of the reports (and testimony related to them) at the trial in criminal court. Citing *State v. Doe*, 588 S.W.2d 549 (Tenn.1979), as authority, the trial judge ruled that because of the expunction order, the documents in question were not admissible, and he "prohibited [the state] from introducing any such documents or evidence based on such documents at the trial of this case."

The state appealed the trial court's order, claiming that in reaching this decision, the trial judge had mistakenly relied on *Doe*, in which this Court held that by using the term "all public records" in the expunction statute, the legislature meant to cover more than merely those records to which the public routinely has access. *Id.* at 552. We said in *Doe* that an expunction order would also require the destruction of "all records maintained by a public offic[ial], whether those records be for public inspection or internal use." *Id.* However, this broad reading of the expunction statute was effectively overruled by the legislature's 1980 amendment to T.C.A. § 40–32–101, as follows:

"Public records," for the purpose of expunction only, does not include arrest histories, investigative reports, intelligence information of law enforcement agencies, or files of district attorneys general that are maintained as confidential records for law enforcement purposes and are not open for inspection by members of the public. . . .

T.C.A. § 40–32–101(b), as amended by Pub. Acts 1980, ch. 892, § 1.

The Court of Criminal Appeals, in a divided opinion, agreed with the state's argument that the "public records" provision of T.C.A. § 40–32–101(b) does not include the sort of documents at issue here, because they constitute "arrest histories, investigative reports or intelligence information of law enforcement agencies." The court noted, however, that the arrest report and the BAT report had been expunged by an order of the trial court that was not appealed and had become "long since final." Disavowing any authority to " 'unexpunge', 'de-expunge', or otherwise resurrect the documents that have been destroyed," the intermediate court concluded that because copies of the documents were—fortuitously—"extant", "the witnesses are entitled to use those documents in the trial of the defendant."

The fortuity, of course, stemmed from the fact that the breathalyzer operator had retained copies of both reports in a personal file kept at home for her own convenience in making court appearances in DUI cases in which she was involved. But, as the dissenting judge on the appeals court correctly pointed out, the operator's personal files can hardly be said to qualify as those of a "law enforcement agency," as that term is used in the exemption portion of the expunction statute. We agree with this conclusion, and we specifically decline to endorse the rationale of the majority of the Court of Criminal Appeals in remanding the case for trial.

■ In effect, the Court of Criminal Appeals decided this case under subsection (b) of the expunction statute, finding that the documents at issue were exempt from expunction to the extent that they constituted "arrest histories, investigative reports, [or] intelligence information of law enforcement

agencies." The only point of disagreement on the intermediate appeals court was whether records in the hands of an individual law enforcement officer qualified as exempt records under subsection (b). We conclude, however, that it is unnecessary to reach the exemption provision in subsection (b), because the dispute before us can be resolved by a proper application of the limitations on the right to expunction under subsection (a) of the statute.[1]

In reaching this conclusion, we focus principally on the *purpose* of the statute, as evidenced by subsection (a)(1). In a portion of the *Doe* opinion not affected by the subsequent amendment of the expunction statute, we identified that purpose as follows:

> The intent of the legislature in enacting the statute at issue, in our opinion, was to prevent a citizen from bearing the stigma of having been charged with a criminal offense, where he was *acquitted of the charge or prosecution of the charge was abandoned.*

*Doe,* 588 S.W.2d at 552 (emphasis added). By permitting destruction of the record of a criminal charge *if* the "charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury or a conviction ... has by appeal been reversed," T.C.A. § 40–32–101(a)(1), the legislature clearly contemplated that expunction should occur only when no further proceedings against an accused are possible or, if they are, no further action is contemplated.

Obviously, in a case in which an acquittal has occurred, or the charge has been dismissed on the merits or with prejudice to the state's right to reinstitute the charge, a petition for an order of expunction is not likely to meet with opposition from the state, based on the factual or legal exoneration of the accused. On the other hand, if the charge has been dismissed without prejudice, or is subject to presentation or *re*presentation to either a grand jury or a trial jury, the state would have the right (and would ordinarily be expected) to resist the immediate entry of an order of expunction.

The state might well have resisted expunction in this case, had the expunction order in general sessions court resulted from a proceeding initiated, as § 40–32–101(a)(1) requires, by "petition ... to the court having jurisdiction in such ... action." The filing of a petition would have given the prosecution advance notice that destruction of public records in the case was at stake. Here, however, there is no indication that such a petition was filed. Instead, it appears from the record that the defendant's attorney presented a proposed order to the same general sessions judge who had dismissed the arrest warrant for lack of probable cause, within 24 hours after the order of dismissal was entered and quite possibly without prior notice to the state. For, although the "certificate of service" on the bottom of the order indicates that defense counsel had "delivered a copy of the foregoing to the District Attorney General" on the same date the order was entered, it does not indicate whether a copy of the document was delivered to the district attorney's office before *or after* it was signed by the general sessions judge.

The defendant argues that the state has waived the right to challenge the validity of the expunction order by failing to appeal it within 30 days from its entry in the general sessions court. We disagree. The state was not required to appeal the order dismissing the warrant, but could take the case directly to the grand jury for review. Once the grand jury resurrected the DUI charge by returning a true bill against the defendant, the expunction order, based for its validity on the superseded dismissal order, became not only moot but void.

Obviously, the probable cause determination at the preliminary hearing did not affect the state's right to take the case to the grand jury and, if successful there, to prosecute the defendant in criminal court. Likewise, the possibility of protection from social stigma offered the defendant by the expunction order was extinguished by the return of the indictment and the reinstatement of a very public charge against him. Had the state decided not to seek an indictment, the DUI charge against Doe would have been consid-

---

**1.** We also conclude, for the same reason, that it is unnecessary in this case to decide what use can be made of records excluded "for law enforcement purposes," as that terminology is used in subsection (b) of the statute.

ered "abandoned," in the words of the *Doe* opinion, and the order of expunction would have been "final" in every sense of the word. When the state *did* pursue the case further, however, and the grand jury returned a true bill against the defendant on the DUI charge, the reason for expunction ceased to exist, and the expunction order, tied as it was to the superseded order of dismissal, lost its legal efficacy.

Of course, if the defendant is eventually acquitted in this case, or further prosecution is not pursued, a valid ground for expunction will exist once again, and a new order expunging the applicable "public records" may be entered.[2] We caution, however, that a party seeking an order to expunge must comply with the petition procedure required by T.C.A. § 40–32–101, in order to make the resulting expunction order immune from challenge by the state.

For the reasons set out above, we hold that because the DUI charge against the defendant has not been finally resolved in his favor or abandoned by the state, the expunction order entered on December 14, 1989, has been superseded by the subsequent return of the indictment in this case and is void. Moreover, because the expunction order is no longer effective, the state is free to prosecute the case against Doe as if the order had never been entered. This means that the prosecution may proffer whatever documentary evidence it deems relevant in the trial court—subject, of course, to the normal rules of admissibility, authenticity, etc.

The judgment of the Court of Criminal Appeals is affirmed, although not for the reasons given in its opinion, and the case is remanded to the trial court for further proceedings consistent with this opinion.

REID, C.J., DROWOTA and ANDERSON, JJ., and LEWIS, Special Justice, concur.

**2.** After this opinion was released, but before it was published, the defendant was found not guilty in the trial court, and a new order of expunction was entered on July 29, 1993, converting this case from its original style to *State of Tennessee v. John Doe.*